IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MILAUDI KARBOAU,                                      3:13-CV-00240-BR

                Plaintiff,                            OPINION AND ORDER

v.

ERIC H. HOLDER, JR., United
States Attorney General, and
EVELYN SAHLI, Field Office
Director, United States
Citizenship and Immigration
Services,

                Defendants.


MILAUDI KARBOAU
7582 S.W. Hunziker St. #50
Tigard, OR 97223
(503) 421-0740

            Plaintiff, *Pro Se*

S. AMANDA MARSHALL
United States Attorney
JAMES E. COX, JR.
Assistant United States Attorney
1000 S.W. Third Avenue
Suite 600
Portland, OR  97204
(503) 727-1000

            Attorneys for Defendants


1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendants' Motion (#25) to Dismiss.  For the reasons that follow, the Court **GRANTS** Defendants' Motion and **DISMISSES** this matter **with prejudice**.


## BACKGROUND

Plaintiff Milaudi Karboau was admitted to the United States on a non-immigrant visitor visa in 1979.  Plaintiff became a lawful permanent resident of the United States in 1983.

In 1994 the Immigration and Naturalization Service (INS)[1] commenced deportation proceedings against Plaintiff as an alien who had been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct pursuant to former 8 U.S.C. § 1251(a)(2)(A)(ii).

In 2002 while his deportation proceedings were pending before an Immigration Judge, Plaintiff was convicted in Multnomah County Circuit Court of six counts of Theft in the First Degree by Receiving in violation of Oregon Revised Statute § 164.055. Plaintiff was sentenced in Multnomah County Circuit Court to consecutive 13-month terms of imprisonment for each count of

---

[1] "[T]he INS ceased to exist as an independent agency and delegate of the Attorney General . . . when its functions, including naturalization, were transferred to the Department of Homeland Security." *Bellajaro v. Schiltgen*, 378 F.3d 1042, 1043 n.1 (9th Cir. 2004).

conviction.  At some point the Department of Homeland Security
(DHS) "lodged an additional charge of deportability against"
Plaintiff in the deportation proceeding based on Plaintiff's 2002
Oregon convictions.  Specifically, the DHS alleged Plaintiff was
subject to deportation pursuant to former 8 U.S.C.
§ 1251(a)(2)(A)(iii) as an alien who had been convicted of an
aggravated felony, a theft offense (including receipt of stolen
property), or a burglary offense for which the term of
imprisonment was at least one year.

On March 11, 2010, the Immigration Judge issued a written
decision finding Plaintiff deportable under former 8 U.S.C.
§ 1251(a)(2)(A)(iii) and ineligible for discretionary relief from
deportation.

On September 10, 2010, the Board of Immigration Appeals
(BIA) dismissed Plaintiff's appeal of the Immigration Judge's
decision.

Plaintiff then filed at least four motions to reopen or for
reconsideration with the BIA, all of which were denied.
Plaintiff also filed four petitions for review with the Ninth
Circuit Court of Appeals.  The Ninth Circuit denied three of
Plaintiff's petitions.  *Karboau v. Holder*, No. 10-72951, 2013 WL
1326973 (9th Cir. Apr. 3, 2013); *Karboau v. Holder*, No. 11-70468;
and *Karboau v. Holder*, No. 11-71799.  Plaintiff voluntarily
dismissed the fourth petition.  *Karboau v. Holder*, No. 11-73613.

On December 27, 2010, Plaintiff filed an application for naturalization with United States Citizenship and Immigration Service (USCIS).

On June 29, 2012, USCIS denied Plaintiff's application for naturalization on the ground that Plaintiff was ineligible because there was an outstanding final order of removal against him.  Decl. of James E. Cox, Ex. 3 at 4.

On January 2, 2013, USCIS denied Plaintiff's administrative appeal of the denial of his application for naturalization.  Cox Decl., Ex. 4 at 3.

On February 11, 2013, Plaintiff filed a Complaint in this Court "ask[ing] this district court to (1) assume jurisdiction[2] over and adjudicate [Plaintiff's] application for naturalization or (2) compel [Defendants] to perform [their] duty to adjudicate [Plaintiff's] application."  Compl. at 1-2.

On May 31, 2013, Defendants filed a Motion to Dismiss Plaintiff's Complaint.

On July 1, 2013, Plaintiff filed a Motion for Extension of Time to File a Response to Defendants' Motion.

On July 10, 2013, the Court issued an Order granting Plaintiff's Motion for Extension of Time and directing Plaintiff to file a Response to Defendants' Motion no later than July 29,

---

[2] It is undisputed that the district court has jurisdiction under 8 U.S.C. § 1421(c) to review a naturalization application that has been denied by USCIS.

4 - OPINION AND ORDER

2013.

Plaintiff did not file a response to Defendants' Motion and the Court took this matter under advisement on July 29, 2013.

## STANDARDS

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic v. Twombly*, 550 U.S. 554,] 570, 127 S. Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556 . . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 557, 127 S. Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). *See also Bell Atlantic v. Twombly*, 550 U.S. 554, 555-56 (2007). The court must accept as true the allegations in the complaint and construe them in favor of the plaintiff. *Intri-Plex Tech., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1050 n.2 (9th Cir. 2007). "The court need not accept as true, however, allegations that contradict facts that may be judicially noticed by the court." *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000)(citations omitted). The court's reliance on judicially-noticed documents does not convert a motion to dismiss into a summary-judgment

motion.  *Intri-Plex*, 499 F.3d at 1052.

When a *pro se* plaintiff's complaint fails to state a claim,
"[l]eave to amend should be granted unless the pleading 'could
not possibly be cured by the allegation of other facts,' and
should be granted more liberally to *pro se* plaintiffs." *Alcala
v. Rios*, 434 F. App'x 668, 670 (9th Cir. 2011)(quoting *Ramirez v.
Galaza*, 334 F.3d 850, 861 (9th Cir. 2003)).


**<u>DISCUSSION</u>**

An outstanding final order of removal is a bar to
naturalization.  *See* 8 U.S.C. § 1429 ("[N]o person shall be
naturalized against whom there is outstanding a final finding of
deportability pursuant to a warrant of arrest issued under the
provisions of this or any other Act.").

An order of removal becomes final for purposes of § 1429
when the BIA affirms the order.  *See* 8 U.S.C. § 1101(a)(47)(B)
(An order of removal "shall become final upon the earlier of--
(I) a determination by the [BIA] affirming such order; or
(ii) the expiration of the period in which the alien is permitted
to seek review of such order by the [BIA].").

It is undisputed that on March 11, 2010, an Immigration
Judge issued an order of removal against Plaintiff and that order
became final on September 10, 2010, when the BIA denied
Plaintiff's appeal.  According to Defendants, therefore, the

6 - OPINION AND ORDER

Court should dismiss Plaintiff's Complaint for failure to state a claim because the order of removal is a total bar to naturalization.

In addition, Defendants note Plaintiff's assertion in his Complaint that the March 11, 2010, order of removal was entered in error on the ground that his underlying criminal convictions were not final does not provide a ground for relief because under 8 U.S.C. § 1252(a)(5) this Court does not have the authority to review the merits of an order of removal.  Specifically, § 1252(a)(5) provides:  "[A] petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter."

Finally, Plaintiff asserts in his Complaint that the Supreme Court held in *Pino v. Landon* that this Court may review the merits of an order of removal.  Specifically, Plaintiff states in his Complaint that

> the Supreme Court held in a brief *per curiam* opinion that it was "unable to say that the conviction has attained such finality as to support an order of deportation or deprivation from becoming a US citizen within the contemplation of 241 of the Immigration and Nationality Act."  *Pino v. Landon*, 349 U.S. 901, 99 L. Ed. 1239, 75 S. Ct. 576 (1955), *rev'g Pino v. Nicolls*, 215 F.2d 237 (1st Cir. 1954).

Compl. at 8.  *Pino,* however, was an action in which the plaintiff petitioned for a writ of habeas corpus regarding an order of

7 – OPINION AND ORDER

deportation rather than a naturalization action; *i.e.,* the Supreme Court did not address a naturalization issue.

With regard to the order of deportation, the Supreme Court stated: "On the record here we are unable to say that the conviction has attained such finality as to support an order of deportation within the contemplation of § 241 of the Immigration and Nationality Act, 8 U.S.C.A. § 1251." *Pino*, 349 U.S. at 901. Here this Court recently dismissed Plaintiff's Petition for Writ of Habeas Corpus regarding Plaintiff's 2002 criminal convictions and refused to issue a certificate of appealability. *See Karboau v. Kroger*, No. 3:11-CV-00274-JO, 2013 WL 1700947, at *6 (D. Or. Apr. 18, 2013). Plaintiff's 2002 convictions, therefore, are unquestionably final.

Finally, in *Karboau v. Holder*, the Ninth Circuit concluded it lacked

> jurisdiction to review the agency's deportation order because Karboau's convictions for first-degree theft by receiving under Oregon Revised Statute § 164.095 constitute final convictions for aggravated-felony theft offenses that render him deportable under former 8 U.S.C. § 125 1(a)(2)(A)(iii).

514 F. App'x 697, 697 (9th Cir. Apr. 3, 2013). Plaintiff's argument that his underlying criminal convictions are not final is foreclosed by the Ninth Circuit's decision.

Accordingly, the Court grants Defendants' Motion to Dismiss. Because there is not any plausible basis on which Plaintiff could

8 - OPINION AND ORDER

cure the defects in his Complaint, the Court dismisses

Plaintiff's Complaint with prejudice.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendants' Motion (#25)

to Dismiss and **DISMISSES** this matter **with prejudice**.

IT IS SO ORDERED.

DATED this 10th day of September, 2013.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

9 - OPINION AND ORDER