IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MILAUDI KARBOAU,                              3:13-CV-00240-BR

       Plaintiff,                    OPINION AND ORDER

v.

ERIC H. HOLDER, JR., United
States Attorney General, and
EVELYN SAHLI, Field Office
Director, United States
Citizenship and Immigration
Services,

       Defendants.


MILAUDI KARBOAU
7582 S.W. Hunziker St. #50
Tigard, OR 97223
(503) 421-0740

       Plaintiff, *Pro Se*

S. AMANDA MARSHALL
United States Attorney
JAMES E. COX, JR.
Assistant United States Attorney
1000 S.W. Third Avenue
Suite 600
Portland, OR  97204
(503) 727-1000

       Attorneys for Defendants


1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendants' Motion (#25) to Dismiss.  For the reasons that follow, the Court **GRANTS** Defendants' Motion and **DISMISSES** this matter **with prejudice**.


## BACKGROUND

Plaintiff Milaudi Karboau was admitted to the United States on a non-immigrant visitor visa in 1979.  Plaintiff became a lawful permanent resident of the United States in 1983.

In 1994 the Immigration and Naturalization Service (INS)[1] commenced deportation proceedings against Plaintiff as an alien who had been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct pursuant to former 8 U.S.C. § 1251(a)(2)(A)(ii).

In 2002 while his deportation proceedings were pending before an Immigration Judge, Plaintiff was convicted in Multnomah County Circuit Court of six counts of Theft in the First Degree by Receiving in violation of Oregon Revised Statute § 164.055. Plaintiff was sentenced in Multnomah County Circuit Court to consecutive 13-month terms of imprisonment for each count of

---

[1] "[T]he INS ceased to exist as an independent agency and delegate of the Attorney General . . . when its functions, including naturalization, were transferred to the Department of Homeland Security." *Bellajaro v. Schiltgen*, 378 F.3d 1042, 1043 n.1 (9th Cir. 2004).

conviction.  At some point the Department of Homeland Security (DHS) "lodged an additional charge of deportability against" Plaintiff in the deportation proceeding based on Plaintiff's 2002 Oregon convictions.  Specifically, the DHS alleged Plaintiff was subject to deportation pursuant to former 8 U.S.C. § 1251(a)(2)(A)(iii) as an alien who had been convicted of an aggravated felony, a theft offense (including receipt of stolen property), or a burglary offense for which the term of imprisonment was at least one year.

On March 11, 2010, the Immigration Judge issued a written decision finding Plaintiff deportable under former 8 U.S.C. § 1251(a)(2)(A)(iii) and ineligible for discretionary relief from deportation.

On September 10, 2010, the Board of Immigration Appeals (BIA) dismissed Plaintiff's appeal of the Immigration Judge's decision.

Plaintiff then filed at least four motions to reopen or for reconsideration with the BIA, all of which were denied. Plaintiff also filed four petitions for review with the Ninth Circuit Court of Appeals.  The Ninth Circuit denied three of Plaintiff's petitions.  *Karboau v. Holder*, No. 10-72951, 2013 WL 1326973 (9th Cir. Apr. 3, 2013); *Karboau v. Holder*, No. 11-70468; and *Karboau v. Holder*, No. 11-71799.  Plaintiff voluntarily dismissed the fourth petition.  *Karboau v. Holder*, No. 11-73613.

3 - OPINION AND ORDER

On December 27, 2010, Plaintiff filed an application for
naturalization with United States Citizenship and Immigration
Service (USCIS).

On June 29, 2012, USCIS denied Plaintiff's application for
naturalization on the ground that Plaintiff was ineligible
because there was an outstanding final order of removal against
him.  Decl. of James E. Cox, Ex. 3 at 4.

On January 2, 2013, USCIS denied Plaintiff's administrative
appeal of the denial of his application for naturalization.  Cox
Decl., Ex. 4 at 3.

On February 11, 2013, Plaintiff filed a Complaint in this
Court "ask[ing] this district court to (1) assume jurisdiction[2]
over and adjudicate [Plaintiff's] application for naturalization
or (2) compel [Defendants] to perform [their] duty to adjudicate
[Plaintiff's] application."  Compl. at 1-2.

On May 31, 2013, Defendants filed a Motion to Dismiss
Plaintiff's Complaint.

On July 1, 2013, Plaintiff filed a Motion for Extension of
Time to File a Response to Defendants' Motion.

On July 10, 2013, the Court issued an Order granting
Plaintiff's Motion for Extension of Time and directing Plaintiff
to file a Response to Defendants' Motion no later than July 29,

_____

[2] It is undisputed that the district court has jurisdiction
under 8 U.S.C. § 1421(c) to review a naturalization application
that has been denied by USCIS.

4 - OPINION AND ORDER

2013.

Plaintiff did not file a response to Defendants' Motion and the Court took this matter under advisement on July 29, 2013.

## STANDARDS

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic v. Twombly*, 550 U.S. 554,] 570, 127 S. Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556 . . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557, 127 S. Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). *See also Bell Atlantic v. Twombly*, 550 U.S. 554, 555-56 (2007). The court must accept as true the allegations in the complaint and construe them in favor of the plaintiff. *Intri-Plex Tech., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1050 n.2 (9th Cir. 2007). "The court need not accept as true, however, allegations that contradict facts that may be judicially noticed by the court." *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000)(citations omitted). The court's reliance on judicially-noticed documents does not convert a motion to dismiss into a summary-judgment

motion.  *Intri-Plex*, 499 F.3d at 1052.

When a *pro se* plaintiff's complaint fails to state a claim, "[l]eave to amend should be granted unless the pleading 'could not possibly be cured by the allegation of other facts,' and should be granted more liberally to *pro se* plaintiffs." *Alcala v. Rios*, 434 F. App'x 668, 670 (9th Cir. 2011)(quoting *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003)).


**<u>DISCUSSION</u>**

An outstanding final order of removal is a bar to naturalization.  *See* 8 U.S.C. § 1429 ("[N]o person shall be naturalized against whom there is outstanding a final finding of deportability pursuant to a warrant of arrest issued under the provisions of this or any other Act.").

An order of removal becomes final for purposes of § 1429 when the BIA affirms the order.  *See* 8 U.S.C. § 1101(a)(47)(B) (An order of removal "shall become final upon the earlier of-- (I) a determination by the [BIA] affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the [BIA].").

It is undisputed that on March 11, 2010, an Immigration Judge issued an order of removal against Plaintiff and that order became final on September 10, 2010, when the BIA denied Plaintiff's appeal.  According to Defendants, therefore, the

Court should dismiss Plaintiff's Complaint for failure to state a
claim because the order of removal is a total bar to
naturalization.

In addition, Defendants note Plaintiff's assertion in his
Complaint that the March 11, 2010, order of removal was entered
in error on the ground that his underlying criminal convictions
were not final does not provide a ground for relief because under
8 U.S.C. § 1252(a)(5) this Court does not have the authority to
review the merits of an order of removal.  Specifically,
§ 1252(a)(5) provides:  "[A] petition for review filed with an
appropriate court of appeals . . . shall be the sole and
exclusive means for judicial review of an order of removal
entered or issued under any provision of this chapter."

Finally, Plaintiff asserts in his Complaint that the Supreme
Court held in *Pino v. Landon* that this Court may review the
merits of an order of removal.  Specifically, Plaintiff states in
his Complaint that

> the Supreme Court held in a brief *per curiam*
> opinion that it was "unable to say that the
> conviction has attained such finality as to
> support an order of deportation or deprivation
> from becoming a US citizen within the
> contemplation of 241 of the Immigration and
> Nationality Act."  *Pino v. Landon*, 349 U.S. 901,
> 99 L. Ed. 1239, 75 S. Ct. 576 (1955), *rev'g Pino
> v. Nicolls*, 215 F.2d 237 (1st Cir. 1954).

Compl. at 8.  *Pino,* however, was an action in which the plaintiff
petitioned for a writ of habeas corpus regarding an order of

deportation rather than a naturalization action; *i.e.,* the Supreme Court did not address a naturalization issue.

With regard to the order of deportation, the Supreme Court stated:  "On the record here we are unable to say that the conviction has attained such finality as to support an order of deportation within the contemplation of § 241 of the Immigration and Nationality Act, 8 U.S.C.A. § 1251." *Pino*, 349 U.S. at 901. Here this Court recently dismissed Plaintiff's Petition for Writ of Habeas Corpus regarding Plaintiff's 2002 criminal convictions and refused to issue a certificate of appealability. *See Karboau v. Kroger*, No. 3:11-CV-00274-JO, 2013 WL 1700947, at *6 (D. Or. Apr. 18, 2013).  Plaintiff's 2002 convictions, therefore, are unquestionably final.

Finally, in *Karboau v. Holder*, the Ninth Circuit concluded it lacked

> jurisdiction to review the agency's deportation order because Karboau's convictions for first-degree theft by receiving under Oregon Revised Statute § 164.095 constitute final convictions for aggravated-felony theft offenses that render him deportable under former 8 U.S.C. § 125 1(a)(2)(A)(iii).

514 F. App'x 697, 697 (9th Cir. Apr. 3, 2013).  Plaintiff's argument that his underlying criminal convictions are not final is foreclosed by the Ninth Circuit's decision.

Accordingly, the Court grants Defendants' Motion to Dismiss. Because there is not any plausible basis on which Plaintiff could

cure the defects in his Complaint, the Court dismisses Plaintiff's Complaint with prejudice.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendants' Motion (#25) to Dismiss and **DISMISSES** this matter **with prejudice**.

IT IS SO ORDERED.

DATED this 10th day of September, 2013.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge